IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Keisha Singletary, on behalf of MDS, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> Michael J. Astrue, Commissioner of ) <br> Social Security, ) <br> ) <br> Defendant. ) <br> ) <br> _____ ) | Civil Action No. 6:10-3264-RMG <br><br><br><br><br><br> **ORDER** |

Plaintiff brought this action *pro se* pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of the final decision of the Commissioner of Social Security denying a minor child (referred to herein as "MDS") supplemental security income benefits under the Social Security Act. In accord with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to the United States Magistrate Judge for pretrial handling. The Magistrate Judge issued a Report and Recommendation on December 28, 2011, recommending that the decision of the Commissioner be affirmed. (Dkt. No. 33). Plaintiff failed to file any objection to the Magistrate Judge's Report and Recommendation after receiving notice of the Report and Recommendation and the right to file objections. (Dkt. No. 33-1). After a careful review of the record, the decision of the Administrative Law Judge ("ALJ") and the applicable legal standards, the Court adopts the Report and Recommendation of the Magistrate Judge and affirms the decision of the Commissioner.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final decision remains with the Court. *Matthews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and may accept, reject or modify, in whole or in part, the recommendation of the Magistrate Judge. 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme of the Social Security Act is a limited one. Section 205(g) of the Act provides that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes *de novo* review of factual circumstances that substitutes the Court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). Although the federal court's review role is limited, "it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings. *Vitek v. Finch*, 438 F.2d at 1157-58.

Regulations adopted pursuant to the Social Security Act set forth the procedure under which applications for disability must be processed for persons under 18 years of age. 20 C.F.R. § 416.924. The minor applicant must initially establish that he or she is not able to engage in

"substantial gainful activity." § 416.924(b). If the minor applicant can satisfy that requirement, the applicant must then demonstrate that he or she has a "severe impairment." § 416.924(c). Assuming the minor applicant can demonstrate the presence of one or more "severe impairments", the minor applicant must then show that one or more of the impairments "meet, medically equal or functionally equal" a listed medical impairment set forth at 20 C.F.R. Part 404, Subpart P, Appendix 1. § 416.924(d). If the minor applicant can demonstrate that he or she has one of the listed impairments, or the medical or functional equivalent of a listed impairment, the minor applicant is found to be disabled.

The minor plaintiff was born on March 2, 2000. He was found by the ALJ not to have engaged in "substantial gainful activity" since February 5, 2008 and to have the following severe impairments: attention deficit hyperactivity disorder, behavior problems and impulse control disorder. Record (hereafter "R") at 11. The ALJ went on to conclude, after a careful analysis of the record, that the minor plaintiff did not have an impairment or combination of impairments that meets, medically equals or functionally equals one of the listed impairments found at Appendix 1. R. at 12-20. The ALJ specifically referenced and relied upon the responses to a questionnaire provided by the child's second grade teacher, who observed that he is "very smart and capable" and "does well in school most of the time." R. at 153. The teacher noted that problems tended to arise on days the child failed to take his medicine for his attention deficit and hyperactivity disorder. *Id.* The child's mother also acknowledged that the child was "okay" as long as he took his medicine. R. at 38. Additionally, the record contained various medical and school records indicating that the child was not consistently compliant in taking his prescribed medicine for his hyperactivity. R. at 209, 211, 228. Both the child's mother and the child

acknowledged at the administrative hearing non-compliance with the prescribed daily medication for hyperactivity, apparently because the child does not like the appetite suppression associated with the medicine. R. at 37, 61.

Under the Social Security administrative scheme, the decision of the ALJ became the decision of the Commissioner upon denial of review by the Appeals Council. The Magistrate Judge recommended that the Commissioner's decision be affirmed because there was substantial evidence in the record to support the decision. (Dkt. No. 33 at 5-10). The Magistrate Judge noted the considerable evidence in the record that the child's problems with uncontrolled hyperactivity were commonly associated with his failure to comply with the daily regime for his prescribed medication. (Dkt. 33 at 9). The Magistrate Judge further cited to the well established authority that a condition is not disabling if it can be reasonably controlled by medication. *Id.*; *Gross v. Heckler*, 785 F.2d 1163, 1166 (4th Cir. 1986).

The Court has reviewed the school and medical records in the record as well as the mother's various statements indicating significant problems associated with the child's hyperactivity. The Commissioner, after reviewing and weighing the record, concluded that the child was not disabled under the Social Security Act and that his impulse control problems were exacerbated by his failure to comply with his prescribed medicines. The Court finds there is substantial evidence in the record to support the findings of the Commissioner.

Plaintiff states in her *pro se* complaint that the ALJ did not have all of the child's updated school records. (Dkt. No. 1 at 3). Plaintiff did submit to the Appeals Council school records subsequent to the ALJ's decision. R. at 289-304. The school records submitted by Plaintiff after the decision of the ALJ were either duplicates of records already submitted or were substantially

similar to such records. *Compare*, R. at 188-197 to R. at 290-304. The Appeals Council, in declining to grant Plaintiff's request to review the ALJ's decision, did not make express findings regarding the recently produced records or weigh the newly produced evidence. R. at 1-4.

A claimant is permitted to submit to the Appeals Council "new and material evidence" and the Appeals Council is mandated to consider such evidence in making its decision to grant or deny a requested review. 20 C.F.R.§ 404.970(b). In a recent decision, *Meyer v. Astrue*, 662 F.3d 700, 706-07 (4th Cir. 2011), the Fourth Circuit held that while the Appeals Council was not mandated to weigh explicitly new and material evidence, such findings were necessary where the new evidence could not be reconciled with the existing record. In this matter, the Court finds that the late provided evidence was not "new and material", and the Court is able to make a substantial evidence determination based upon the record taken as a whole.

## Conclusion

Based upon the foregoing, the Court adopts the Report and Recommendation of the Magistrate Judge. The decision of the Commissioner is hereby **AFFIRMED**.

AND IT IS SO ORDERED.

Richard Mark Gergel
United States District Judge

February /*/, 2012
Charleston, South Carolina